112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fatima Del Socorro BAEZ-NAVARRETTE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70419.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 1
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Fatima Del Socorro Baez-Navarrte, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying Baez-Navarrte's request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 Baez-Navarrete contends that the IJ abused her discretion by failing to consider all of the factors bearing on extreme hardship, both individually and in the aggregate. We disagree.
 
 
 5
 We review for an abuse of discretion the IJ's determination that an applicant has failed to establish extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995).[1] The IJ construes extreme hardship narrowly, and we may not substitute our sense of what constitutes extreme hardship unless the IJ abuses her discretion, either by failing to consider all of the relevant factors or to articulate reasons, supported by the record, for denying suspension of deportation. Astrero v. INS, 104 F.3d 264, 267 (9th Cir.1996); cf. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (IJ abuses discretion when important aspects of the petitioner's claims are distorted or disregarded). Additionally, the IJ abuses her discretion by failing to consider the cumulative effect of all the relevant factors. Watkins v. INS, 63 F.3d 844, 848 (9th Cir.1995).
 
 
 6
 Here, the IJ considered "the record in its entirety including the various claims advanced by [Baez-Navarrete]." The IJ concluded that, because the hardship faced by Baez-Navarrete was the type of hardship common to any person facing deportation, she failed to demonstrate extreme hardship. In reaching this conclusion, the IJ considered the fact that Baez-Navarrete: (1) spoke English and Spanish fluently; (2) was in good health; (3) attended church and assisted in its social programs; (4) lived with her Nicaraguan parents who were both in the United States illegally; (5) had other relatives in the United States who were legal residents; (6) had only a few relatives in Nicaragua to whom she was not close; and (7) may have difficulty attending college and pursuing the same career in Nicaragua. Thus, the record demonstrates that the IJ considered all of the relevant factors, both present and prospective, and articulated reasons supported by the record for denying suspension of deportation. See Astrero, 104 F.3d at 267; see also Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) (common results of deportation, without more, are insufficient to prove extreme hardship). The IJ's decision was well within her discretion. See Tukhowinich, 64 F.3d at 463. Additionally, the record demonstrates that the IJ considered the cumulative effect of the relevant factors raised by Baez-Navarrete. See Watkins, 63 F.3d at 848.[2]
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the BIA affirmed the IJ's decision "based upon and for the reasons set forth therein," we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995)
 
 
 [2]
 Because we conclude that Baez-Navarrete failed to demonstrate extreme hardship under the old law, we need not decide whether the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply to Baez-Navarrete's case. See Astrero, 104 F.2d at 266 (IIRIRA requirements may apply retroactively on April 1, 1997). Additionally, we reject Baez-Navarrete's contention that we review for substantial evidence. See Tukhowinich, 64 F.3d at 463