113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joao Ismael DE FREITAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70137.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided May 2, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aoz-xmc-rxz.
 BIA
 REVIEW DENIED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joao Ismael De Freitas, a native and citizen of Brazil, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his request for suspension of deportation under 8 U.S.C. § 1254(a)(1) because De Freitas failed to show that his deportation would result in extreme hardship. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review for abuse of discretion the BIA's decision to deny an application for suspension of deportation. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). The BIA has discretion to construe "extreme hardship" narrowly "as long as it considers all relevant factors to the hardship determination and states its reasons for denying the requested relief." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (citations omitted).
 
 
 4
 De Freitas contends that the BIA abused its discretion by failing to properly consider all relevant factors relating to extreme hardship. This contention lacks merit.
 
 
 5
 In order to qualify for suspension of deportation a petitioner must show, among other things, that deportation would result in extreme hardship to himself or to a qualifying relative. See 8 U.S.C. § 1254(a)(1); Tukhowinich, 64 F.3d at 462. De Freitas bears the burden of demonstrating "extreme hardship". See Ramirez-Durazo, 794 F.2d at 497.
 
 
 6
 Here, in determining the existence of hardship to De Freitas, the BIA agreed with the IJ's evaluation that De Freitas offered no evidence indicating a complete inability to secure employment were he deported to Brazil, see Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980), and properly recognized that economic loss alone is insufficient to support a finding of extreme hardship, see Ramirez-Durazo, 794 F.2d at 498. In addition, the BIA considered the emotional impact of deportation on De Freitas, but found that the evidence presented failed to support a finding of extreme hardship. See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) ("Extreme hardship will not be found absent a showing of significant actual or potential injury.").
 
 
 7
 The BIA also considered the limited evidence of economic and emotional hardships on De Freitas's permanent resident wife and his United States citizen child. See Ramirez-Durazo, 794 F.2d at 498. While it was noted that it would be difficult for De Freitas's wife in Brazil because she does not speak Portuguese, this hardship is not above or beyond the "common results of deportation."[2] See Hassan, 927 F.2d at 468. Because the BIA considered all relevant factors in affirming the IJ's conclusion that the evidence "does not support anything other than the fact that [De Freitas has] been here for seven years, and that he's married to a lawful permanent resident, and has a U.S. citizen child," we find no abuse of discretion.[3] See id.; see also Patel, 638 F.2d at 1206 ("[A]lien cannot gain favored status merely by the birth of a citizen child.").
 
 
 8
 De Freitas also contends that the IJ abused his discretion by considering factors which were irrelevant to the determination of extreme hardship. Specifically, De Freitas contends that the IJ gave inappropriate consideration to his wife's ability to support herself financially. However, because the BIA independently reviewed the case and found this consideration irrelevant to the determination of extreme hardship, our conclusion remains the same. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 9
 Accordingly, because De Freitas did not make the requisite showing of extreme hardship, the BIA did not abuse its discretion by denying De Freitas's application for suspension of deportation. See Tukhowinich, 64 F.3d at 463; Ramirez-Durazo, 794 F.2d at 497.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 The IJ considered the possibility that De Freitas's wife and child would not join him in Brazil, since his wife would be eligible for United States citizenship within a year of the suspension of deportation hearing, and had already filed an I-130 (Immediate Relative Petition) for her husband. See Ramirez-Durazo, 794 F.2d at 498. While De Freitas and his family may be temporarily separated as a result of his deportation, the BIA correctly noted that this separation, without more, does not rise to the level of extreme hardship. See Hassan, 927 F.2d at 468
 
 
 [3]
 Although the IJ also considered the potential effect De Freitas's deportation would have on his mother-in-law's health, neither the IJ nor the BIA was required to consider the potential hardships she may experience. See INS v. Hector, 479 U.S. 85, 88 (1986) ("[T]he Board is not required ... to consider the hardship to a third party other than a spouse, parent, or child as defined by the Act.")