122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario Jose MIRANDA-MIRANDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70705.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Avh-och-hqe.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mario Jose Miranda-Miranda, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of Miranda-Miranda's request for suspension of deportation under 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review for an abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Although the BIA has the authority to construe "extreme hardship" narrowly, it must consider all factors bearing on extreme hardship. See id.
 
 
 4
 To qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application, (2) good moral character for the same period, and (3) that he is a person whose deportation would result in extreme hardship to himself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. See 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 5
 Miranda-Miranda contends that the BIA abused its discretion by affirming the IJ's denial of his request for suspension of deportation because the BIA failed to consider all the factors relating to extreme hardship. This contention lacks merit.
 
 
 6
 First, Miranda-Miranda argues that deportation would cause him extreme hardship because he would be separated from his two adult daughters who reside in the United States illegally. The BIA considered this factor, but concluded that, because Miranda-Miranda's return to Nicaragua would actually reunite him with his wife and most of his close relatives, Miranda-Miranda would not suffer extreme hardship. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (concluding that difficulty adjusting to life in homeland would be alleviated by numerous relatives there); see also Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983).
 
 
 7
 Second, Miranda-Miranda argues that the BIA failed to consider that deportation from the country "where he has firmly established himself" would cause him extreme hardship. The BIA considered Miranda-Miranda's evidence of community ties and found that he had not integrated himself into life in the United States. See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) (stating that the common results of deportation are insufficient to establish extreme hardship).
 
 
 8
 We conclude that the BIA properly considered all the relevant factors and did not abuse its discretion by affirming the IJ's denial of suspension of deportation based upon Miranda-Miranda's failure to establish extreme hardship. See Tukhowinich, 64 F.3d at 463.[2]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 We cannot consider Miranda-Miranda's economic hardship argument because he failed to raise it before the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994)