**Arnel Gabriel ASTRERO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 95–70557.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1996.

Decided Dec. 30, 1996.

Michael Mullery, San Francisco, CA, for petitioner.

Leah Loebl, Washington, DC, for respondent.

Before: FLETCHER, FARRIS, and TASHIMA, Circuit Judges.

FLETCHER, Circuit Judge:

Petitioner Arnel Gabriel Astrero, a native and citizen of the Philippines, appeals an order of the Board of Immigration Appeals affirming a decision of the Immigration Judge denying Astrero's request for asylum, withholding of deportation, and suspension of deportation. The Board found that Astrero did not establish a well-founded fear of persecution based on either his political opinion or his membership in a particular social group and, therefore, he failed to establish his statutory eligibility for either asylum or withholding of deportation. The Board further found that, although Astrero established the requisite good moral character and seven years of continuous physical presence in the United States, he failed to show "extreme hardship" if he were returned to the Philippines and therefore, did not qualify for suspension of deportation. We affirm.

I.

This court must uphold the Board's denial of asylum if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole". *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Similarly, the Board's decision as to whether to withhold deportation is reviewed for substantial evidence but of a clear probability of persecution as contrasted to well-founded fear required for asylum. *Berroteran–Melendez v. INS*, 955 F.2d 1251, 1255 (9th Cir.1992). The Board's findings of fact are conclusive if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir.1994). Under this standard the factual findings of the Board will be reversed only where the evidence is such that a reasonable fact-finder would be compelled to conclude that the requisite fear of persecution existed. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

The Board squarely addressed each of the incidents raised by Astrero concluding that these incidents did not, individually or as

a whole, establish a well-founded fear of future persecution. The Board accepted, for purposes of analysis, that Astrero's subjective fear of future persecution was genuine. However, the Board found that Astrero failed to meet his burden of proof on the objective component. We conclude that the Board's decision to deny asylum is supported by substantial evidence in the record. Because Astrero failed to meet the standard for asylum, he cannot meet the more stringent standard for withholding of deportation. *See id.*

## II.

■ Respondent urges us to dismiss Astrero's suspension claim, asserting that Sections 304 and 309 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRA"), Div. C., Department of Defense Appropriations Act, 1997, Pub.L. 104–208, 110 Stat. 3009, are currently applicable. IIRA § 308(b)(7) repeals current INA § 244 which allows for suspension of deportation of aliens in certain circumstances. IIRA § 304, replaces old INA § 244 with new INA § 240A. It provides a new procedure, "cancellation of removal," that replaces suspension of deportation relief now available under § 244(a).

The new § 240A(b)(1) requires a period of 10, rather than 7, years continuous physical presence in order for nonpermanent resident aliens to be eligible for "cancellation of removal." Furthermore, the new § 240A(d)(1) provides that "the period of continuous physical presence in the United States shall be deemed to end when the alien is served a notice to appear." If, as respondent suggests, the new requirements were applied in this case, petitioner would be ineligible for suspension of deportation because he could not meet the statutory requirement of 10 years continuous physical presence before receiving a notice to appear. However, the applicable sections of the new law have an effective date of April 1, 1997. They do not apply here.

"The starting point in statutory interpretation is the language of the statute itself." *United States v. James,* 478 U.S. 597, 604, 106 S.Ct. 3116, 3120, 92 L.Ed.2d 483 (1985)

(internal quotations and citations omitted). The effective date for the new § 240A is "the first day of the first month beginning more than 180 days after the date of the enactment of th[e] Act ..." or April, 1, 1997. IIRA § 309(a) (describing general effective dates for the chapter). In spite of clear statutory language to the contrary, respondent argues that IIRA §§ 309(c)(5) & 309(c)(7) compel us to apply currently the new continuous physical presence requirements. IIRA § 309(c)(7) concerns new limitations on the number of aliens for which the Attorney General may suspend deportation and has no bearing on this case. Petitioner also looks to IIRA § 309(c)(5), the "Transitional Rule With Regard to Suspension of Deportation," which provides that the new § 240A "shall apply to notices to appear issued before, on, or after the date of the enactment of this act."

Section 309(c)(5) concerns the retroactivity of the new § 240A *once it becomes effective.* It qualifies the "general rule that the new rules do not apply ... in the case of an alien who is in exclusion or deportation proceedings as of the ... effective date." IIRA § 309(c)(1). The fact that on and after April 1, 1997, the new requirements may apply retroactively to trigger cutoff dates based on notices to appear issued prior to April 1, 1997 does not change the effective date itself. New INA § 240A has no application to the case before us.

■ We turn to Astrero's request for suspension of deportation. We apply current law. To qualify for suspension of deportation, an alien must establish that:

(1) he has been physically present in the United States for a continuous period of at least 7 years;

(2) he is a person of good moral character;

(3) his deportation would result in "extreme hardship" to himself or his immediate family member who is a United States citizen or legal alien.

Immigration and Naturalization Act § 244(a)(1), 8 U.S.C. § 1254(a)(1). Even where an applicant has established all three elements, grant of suspension of deportation is wholly discretionary. *INS v. Rios–Pine-*

*da,* 471 U.S. 444, 446, 105 S.Ct. 2098, 2100, 85 L.Ed.2d 452 (1985).

■ The Board's decision about whether to grant suspension of deportation is reviewed for an abuse of discretion. *INS v. Wang,* 450 U.S. 139, 145, 101 S.Ct. 1027, 1031–32, 67 L.Ed.2d 123 (1981). The Board does not abuse its discretion when it decides the case based upon all the relevant factors before it. *Santana–Figueroa v. INS,* 644 F.2d 1354, 1356 (9th Cir.1981). In determining whether to suspend deportation on grounds of extreme hardship, the Board construes extreme hardship narrowly, and this Court may not substitute its sense of what constitutes hardship in a given case unless the Board abused its discretion, by failing to consider all relevant facts bearing upon extreme hardship or to articulate reasons supported by the record for denying suspension of deportation. *Bu Roe v. INS,* 771 F.2d 1328, 1333 (9th Cir.1985).

The Board found, and we agree, that Astrero satisfied the 7–year continuous physical presence requirement and the good moral character requirement of INA § 244(a)(1), 8 U.S.C. § 1254(a)(1). Therefore, the only issue before us is whether the Board appropriately exercised its discretion when it determined that petitioner failed to meet the "extreme hardship" requirement. The Board considered all of the relevant facts and articulated reasons for denying suspension that are supported by the record. The decision of the Board was well within its discretion.

### CONCLUSION

The Board's decision to deny asylum and withholding of deportation was supported by substantial evidence. The Board did not abuse its discretion in denying Astrero's request for suspension of deportation. Accordingly, we AFFIRM the decision of the Board.