110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Ovidio CABALLERO-NIETO; Aristides Membrano-Ortiz;
Mercedes Membreno de Caballero, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70091.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1997.*
Decided March 19, 1997.
 
 1
 Petition for Review of a Decision of the Board of Immigration Appeals, Nos. Ays-gen-iau, Apk-mmy-gnt, Aym-rga-zaf.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: SKOPIL, CANBY, and RYMER, Circuit Judges
 
 
 4
 MEMORANDUM**
 
 
 5
 Petitioners seek review of the BIA's decision denying their request for asylum or withholding of deportation. We agree with the BIA that petitioners failed to establish past persecution in El Salvador or a well-founded fear of future persecution if returned there. Accordingly, they have failed to establish their eligibility for either asylum or withholding of deportation. We deny the petition for review.
 
 
 6
 Asylum may be granted to any alien who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Petitioners claim both past and future persecution based on their political opinions. We conclude that the BIA properly rejected petitioners' claims.
 
 
 7
 Petitioners were required to prove a casual connection by direct or circumstantial evidence that their past persecution was on account of their political opinion. Sangha v. INS, 103 F.3d 1482, 1486-87 (9th Cir.1997). Persecution cannot be inferred merely from acts of random violence that may or may not be based on divergent political views. Id. at 1487. Petitioners contend that they were threatened by guerrillas because they were employed by the army. The evidence, however, belies that contention. The BIA reasoned that petitioners were pursued by the guerillas because petitioners' family had complied in the past with the guerrillas' extortion demands.
 
 
 8
 Petitioners argue that extortion and the resulting economic deprivation ought to be sufficient evidence of past persecution based on political opinion. Although extortion may establish persecution, see Desir v. Ilchert, 840 F.2d 723, 724 (9th Cir.1988) (beating, imprisonment, and assaults by government security forces for purposes of extortion may constitute persecution), petitioners were still required to demonstrate that such persecution was on account of one of the reasons listed in the statute--in this instance, their political opinions. See Sangha, 103 F.3d at 1490. They failed to do so, and accordingly the BIA properly rejected their claims of past persecution.
 
 
 9
 The BIA also concluded that reasonable individuals in petitioners' situation would not fear future persecution on account of political opinion. We agree. Petitioners failed to establish any objective facts to support their contention that they would be persecuted if returned to El Salvador. "Mere apprehension is not enough to establish a well-founded fear entitling [them] to asylum." Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). Moreover, the BIA was entitled to take administrative notice of the changed circumstances in El Salvador and to consider the effect of those changes on petitioners' fear of persecution. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 10
 The BIA properly denied petitioners' request for withholding of deportation. We have held that the standard for withholding of deportation is more stringent than for asylum, and therefore a petitioner's failure to demonstrate either past persecution or a well-founded fear of future persecution is determinative of an application for withholding of deportation. See Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996); Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3