113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Guaring ALVIEDO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70161.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 30, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Guaring Alviedo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of deportation and voluntary departure under sections 208(a), 243(h) and 244(e) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §§ 1158(a), 1253(h), 1254(e). Alviedo also appeals the BIA's denial of his request for suspension of deportation under 8 U.S.C. § 1253(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.[1]
 
 A. Asylum
 
 3
 Alviedo contends that the BIA erred by finding that his testimony regarding alleged persecution was incredible, and that he neither suffered past persecution nor had a well-founded fear of future persecution. This contention lacks merit.
 
 
 4
 The BIA's decision to deny asylum is reviewed for substantial evidence. See Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). To be eligible for asylum, an applicant must demonstrate that he has suffered past persecution, or has a well-founded fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of persecution, the applicant must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). "The subjective component may be satisfied by an applicant's credible testimony that he genuinely fears persecution. The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (citation omitted).
 
 
 5
 Even if we accept Alviedo's testimony as credible, he has not established past persecution or a reasonable fear of future persecution. See Acewicz, 984 F.2d at 1061. Alviedo testified that when he lived in the Philippines, he was an active member of the Vigan Youth Circle, a civic organization formed to speak out against the New People's Army ("NPA"), a communist organization in the Philippines. The NPA had warned him that he was too vocal against the NPA and that he was "next," a statement Alviedo interpreted as a death threat. Armed NPA members made monthly visits to his house and demanded money. Although the NPA has never harmed Alviedo or his family, Alviedo claimed he left the Philippines because he feared for his life. Alviedo also stated that his family was wealthy and had refused to pay the revolutionary taxes.
 
 
 6
 We agree with the BIA that these incidents do not amount to persecution. See Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995) (distinguishing between persecution and mere discrimination or harassment); Limsico v. INS, 951 F.2d 210, 212 (9th Cir.1991) (holding that objective component of fear requirement was not present where neither applicant nor family were harmed). Accordingly, we affirm the BIA's denial of asylum.
 
 
 7
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Alviedo did not meet the lower standard for a grant of asylum, we affirm the BIA's denial of Alviedo's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 B. Suspension of Deportation
 
 8
 Alviedo contends that the BIA abused its discretion in denying his motion to reopen the deportation proceedings to allow him to apply for suspension of deportation because it did not adequately consider all the evidence proving extreme hardship. This contention lacks merit.
 
 
 9
 To reopen the proceedings, an applicant must establish a prima facie case of statutory eligibility for suspension of deportation by providing evidence that deportation would result in extreme hardship to him or a qualifying relative who is a citizen or lawful permanent resident. See 8 U.S.C. § 1254(a)(1). "The common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). The BIA must consider all factors relevant to the determination of extreme hardship and state its reasons for denying relief. See Watkins v. INS, 63 F.3d 844, 848 (9th Cir.1995).
 
 
 10
 The BIA considered all relevant information, including employment history, social and family ties, and the possible difficulties Alviedo and his United States citizen son might encounter if Alviedo were deported. See id., 63 F.3d at 848. We agree with the BIA that the difficulties Alviedo faces in readjusting to life in the Philippines do not appear to be unique or exceptional to those encountered by most aliens who have resided outside their native country for a number of years, particularly in light of the fact that Alviedo has wealthy family members in the Philippines who could assist him and his wife and child in adjusting. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (noting that while community ties in the United States are relevant, extended family in Philippines supported BIA's conclusion that applicant failed to demonstrate extreme hardship). We thus affirm the BIA's decision to deny Alviedo's motion to reopen the proceedings.
 
 C. Voluntary Departure
 
 11
 Alviedo contends that the BIA abused its discretion in denying his request for voluntary departure. We disagree.
 
 
 12
 With respect to voluntary departure, the BIA reviewed the IJ's decision for abuse of discretion. Thus, we review the decision of the IJ, not the BIA, for abuse of discretion. See Yepes-Prado v. INS, 10 F.3d 1363, 1366-67 (9th Cir.1993). We review a credibility finding under the substantial evidence standard, see Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987), and are required to uphold the IJ's finding unless the evidence presented compels a reasonable factfinder to reach a contrary result. See Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). In determining credibility, the IJ alone is in a position to observe the applicant's tone and demeanor and to evaluate the testimonial evidence. See Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir.1985). Thus, we accord substantial deference to credibility findings, if they are supported by "specific, cogent reasons." See Turcios, 821 F.2d at 1396; see also Seballo-Cortez v. INS, 761 F.2d 1259, 1262-64 (9th Cir.1985) (affirming IJ's determination that applicant was incredible, where record revealed substantial inconsistencies in application and testimony). The record supports the IJ's finding that Alviedo's demeanor and evasiveness when answering questions regarding voluntary departure indicated that he would not depart voluntarily. See Turcios, 821 F.2d at 1396. The decision is thus affirmed. See Abedini, 971 F.2d at 191.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements for suspension of deportation may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)