117 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Antonio VASQUEZ-LORA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70870, Ark-cfe-dws.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Antonio Vasquez-Lora, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying Vasquez-Lora's request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review for an abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). Although the BIA has the authority to construe "extreme hardship" narrowly, see INS v. Wang, 450 U.S. 139, 145 (1981) (per curiam), it must consider all factors bearing on extreme hardship, see Tukhowinich, 64 F.3d at 463.
 
 
 4
 To qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application, (2) good moral character for the same period, and (3) that he is a person whose deportation would result in extreme hardship to himself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. See 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 5
 Vasquez-Lora contends that the BIA failed to consider all the evidence presented and abused its discretion by finding that he and his United States citizen daughter would not suffer extreme hardship if he were deported. This contention lacks merit.
 
 
 6
 First, while some hardship necessarily flows from deportation, economic loss alone is insufficient to support a finding of extreme hardship. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). The common results of deportation, without more, are insufficient to prove extreme hardship. See Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Vasquez-Lora's claim that he will have difficulty securing comparable employment in Mexico does not, without evidence of a complete inability to secure any employment, constitute extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980).
 
 
 7
 Second, while the mere existence of citizen children is insufficient to establish extreme hardship, see Ramirez-Durazo, 794 F.2d at 498, the fate of these children is an important factor in the determination of extreme hardship, see Cerrillo-Perez v. INS, 809 F.2d 1419, 1422 (9th-Cir.1987). The BIA must carefully appraise the effect deportation would have on a petitioner's citizen children, including the effect of "untying" family ties. See Casem v. INS, 8 F.3d 700, 703 (9th Cir.1993). "That young American citizens may be separated from their parents--and concomitantly that alien parents may be separated from their children--are relevant factors to be considered in determining extreme hardship." Cerrillo-Perez, 809 F.2d at 1424.
 
 
 8
 Here, the BIA found that Vasquez-Lora's four-year-old daughter was very young and would be able to adjust to life in Mexico. Moreover, Vasquez-Lora testified that his wife and children would accompany him to Mexico if he were deported.
 
 
 9
 We conclude that the BIA properly considered all the relevant factors and did not abuse its discretion by finding that Vasquez-Lora had failed to show extreme hardship to himself or to his United States citizen child. See Tukhowinich, 64 F.3d at 463.[2]
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 Vasquez-Lora argues that the BIA failed to consider "the particular and unusual psychological hardship petitioner would face if deported." We do not have jurisdiction to consider this issue because Vasquez-Lora failed to raise it before the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). Vasquez-Lora also argues that the BIA failed to consider the fact that he had recently purchased a home in the United States. We agree with the BIA that this factor merits little weight because Vasquez-Lora purchased his home after the IJ issued the decision denying suspension of deportation