119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luis PRIVADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70778.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 1
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Jose Luis Privado, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's ("IJ") decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 4
 The BIA conducted its own review of the record, made its own factual findings, and independently assessed the sufficiency of the evidence; thus, we review the BIA's determinations. See Surita v. INS, 95 F.3d 814, 819 (9th Cir.1996). We review a denial of asylum for an abuse of discretion. See id. We will uphold the factual findings underlying the decision if supported by substantial evidence, and will uphold the decision unless the evidence compels a contrary result. See INS v. Elias-Zacarias, 502 U.S. 478, 481 & n. 1 (1992); Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997).
 
 
 5
 As relevant here, the Attorney General may grant asylum to an alien who is unable or unwilling to return to his home country because of past persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A); Sangha, 103 F.3d at 1486. The applicant must establish his eligibility for asylum "by credible, direct, and specific evidence in the record." See Sangha, 103 F.3d at 1487 (quotations and citation omitted).
 
 
 6
 An asylum applicant claiming persecution on account of his political opinion must demonstrate that he was a victim of persecution; that he holds a political opinion; that his political opinion was known to or imputed by the persecutors; and that the ensuing persecution was on account of the opinion. See id. In other words, the applicant must prove, by direct or circumstantial evidence, a causal connection between his past persecution and his political opinion. See id. at 1490.
 
 
 7
 "Persecution" is "the infliction of suffering or harm upon those who differ ... in a way regarded as offensive," whether inflicted by the government or by those whom the government cannot or will not control. See id. (quotations and citation omitted). Punishment for failure to cooperate with a dissident group, however, is not in itself persecution. See Elias-Zacarias, 502 U.S. at 482-84; Sangha, 103 F.3d at 1490.
 
 
 8
 In his petition for review, Privado presents only a claim of past persecution based on an imputed political opinion. At the hearing, Privado testified that in late 1990, when the guerillas came to his home and demanded food and money, he complied. Subsequently, and immediately prior to his eighteenth birthday, the army approached Privado, asked whether he was a member of the guerrillas, and encouraged him to join the army. When Privado denied helping the guerrillas, the army told him it would continue investigating him. After the army's visit, the guerrillas, on two occasions, again demanded assistance from Privado, and beat and threatened him when he refused. Later, the army returned, inquired about Privado's involvement with the guerrillas, and told him it would continue watching him and return. Shortly thereafter, Privado entered the United States without inspection.
 
 
 9
 Even assuming Privado held a political opinion that was known to or imputed by the guerrillas or the army, we conclude he has failed to show that his treatment rose to the level of persecution. Privado presented no evidence that the army inflicted suffering or harm upon him, and has shown only that the guerrillas punished him for his refusal to assist them, which is not sufficient to establish persecution. See Elias-Zacarias, 502 U.S. at 482-84; Sangha, 103 F.3d at 1490. Accordingly, we conclude the BIA did not abuse its discretion in denying asylum.[1] Because Privado failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. See Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We do not address Privado's contention that the BIA and the IJ abused their discretion in failing to presume, as required by 8 C.F.R. §§ 208.13(b)(1)(i) & 208.16(b)(2), that he would be subjected to future persecution, because he did not present this issue to the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (stating that failure to raise issue in appeal to BIA constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction). Regardless, this contention is meritless, because Privado did not establish that he suffered past persecution. Cf. Surita, 95 F.3d at 821 (stating that finding of past persecution triggers regulatory presumption that applicant has well-founded fear of future persecution)