122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin Abad ESCOLANO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70743.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Benjamin Abad Escolano, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for suspension of deportation under 8 U.S.C. § 1254(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.[1]
 
 
 3
 Escolano contends that the BIA abused its discretion by finding that he would not suffer extreme hardship if he were deported. We disagree.
 
 
 4
 We review the BIA's finding of no extreme hardship for abuse of discretion. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995).
 
 
 5
 An applicant may be entitled to suspension of deportation if he shows that he would suffer extreme hardship if deported. See 8 U.S.C. § 1254(a)(1); Tukhowinich, 64 F.3d at 462. The BIA may construe the term "extreme hardship" narrowly as long as it considers all relevant factors and sets forth reasons for denying relief. See Hassan v. INS, 927 F.2d 465, 467-68 (9th Cir.1991). The common effects of deportation do not constitute extreme hardship. See id. at 468. However, "unless there is a realistic chance for adjustment [of status] through other means in the near future, this factor should not weigh against" a finding of extreme hardship. See Gutierrez-Centeno v. INS, 99 F.3d 1529, 1532 n. 6 (9th Cir.1996).
 
 
 6
 Here, Escolano testified that he would suffer extreme hardship upon deportation because he would be separated from his United States citizen fiancee, and he would face retaliation from his former in-laws in the Philippines for divorcing his ex-wife. The BIA determined that Escolano's separation from his fiancee would not result in extreme hardship, in part because Escolano would have an alternate means of adjusting his status once the couple is married. The BIA found that the potential threat of retaliation from Escolano's former in-laws did not amount to extreme hardship because Escolano presented no evidence that the police in the Philippines would be unable to protect him. The BIA also considered that Escolano has siblings and children in the Philippines, he is in good health, and he presented no evidence that he would be unable to find work in his native country.
 
 
 7
 Because the BIA did not assess whether Escolano had a realistic chance for adjusting status by alternate means in the near future, this factor should not have weighed against a finding of extreme hardship. See id. However, the BIA's decision did not hinge on this factor. The BIA considered the full range of relevant factors and properly concluded that Escolano's claimed hardship did not surpass the common effects of deportation. See Hassan, 927 F.2d at 468.[2] Accordingly, the BIA did not abuse its discretion by denying Escolano's application for suspension of deportation. See Tukhowinich, 64 F.3d at 463.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)
 
 
 [2]
 Because Escolano failed to raise the issue of his community ties before the BIA, we lack jurisdiction to consider it. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994)