141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bartholomew Ebere UZOWURU, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 96-70895.
INS No. Alz-mpy-rqn.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1998**.
Decided Mar. 30, 1998.
 
 Petition to Review a Decision of the Board of Immigration Appeals.
 Before FLETCHER, MAGILL,*** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bartholomew Ebere Uzowuru seeks review of the August 5, 1996[1] order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of asylum, withholding of deportation, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) to review the final order of deportation. Since Uzowuru has failed to demonstrate that he has a well-founded fear of future persecution in Nigeria and has engaged in marriage fraud to gain an immigration benefit, we deny the petition for review.
 
 
 3
 We review the BIA's decision rather than the IJ's decision if the BIA does an independent review of the record. Singh v. INS, 94 F.3d 1353, 1358 (9th Cir.1996). We review conclusions of law de novo, and we must uphold the BIA's factual findings if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. To reverse the BIA's factual findings, we must find that "the evidence compels a contrary conclusion." Id.
 
 
 4
 As an initial matter, the BIA questioned the veracity of Uzowuru's testimony noting a number of discrepancies in his story. Most notably, Uzowuru testified that during his visit to Nigeria "the people held continuous rallies for the release of the duly elected President, Abiola." The BIA noted that Abiola was not arrested until six months after Uzowuru had left Nigeria.
 
 
 5
 We review the BIA's credibility finding for substantial evidence and uphold the finding "unless the evidence presented compels a reasonable fact finder to reach a contrary result." de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) (citation omitted). Credibility findings are given substantial deference when "supported by 'specific, cogent reason' for the disbelief." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). While some of the discrepancies relied upon by the BIA seem harmless, Uzowuru's statements about rallies for the release of Abiola provide substantial and specific reasons for questioning Uzowuru's credibility. Therefore, we agree that Uzowuru was not a credible witness.
 
 
 6
 Looking to the merits, Uzowuru argues that the BIA erred in not concluding that he had a well founded fear of persecution because of a pro-democracy speech that he gave in Nigeria on behalf of the Young Ezihe Association. Uzowuru contends that as a result of this speech his name has been added to a military kill list and that military men have searched for him and asked about his return. Since Uzowuru does not argue that he is a victim of past persecution, he must provide both subjective and objective proof of a well-founded fear of persecution. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). The subjective component is satisfied by credible testimony of a genuine fear of persecution. Id. The objective component requires "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Hartooni v. INS, 21 F.3d 336, 341 (9th Cir.1994). An alien is not, however, required to prove that persecution is more likely than not. INS v. Cardoza-Fonseca, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). "One can certainly have a well-founded fear of an event happening when there is less than a 50% chance of the occurrence taking place." Id.
 
 
 7
 We agree with the BIA that Uzowuru has not demonstrated a well founded fear of persecution if returned to Nigeria. As the BIA noted, the two military men who talked with Uzowuru did not arrest or detain him, nor have they taken action against Uzowuru's family or other members of the Young Ezihe Association. Moreover, Nwosu Ohabiro, president of the Young Ezihe Association, still safely resides in Nigeria. Uzowuru's lack of credibility coupled with the inaccuracies and vague claims of harm do not meet his burden of proving a well founded fear of persecution.
 
 
 8
 As Uzowuru fails to meet the lesser burden of proving a well-founded fear of persecution, he also fails to meet the greater burden of proving a clear probability of persecution as required for withholding deportation. To obtain a withholding of deportation, the applicant must demonstrate a "clear probability of persecution" by the government or a group that the government cannot or will not control. Menoza-Perez v. INS, 902 F.2d 760, 761 (9th Cir.1990). This standard is more stringent than the "well-founded fear" standard required for asylum. Accordingly, Uzowuru's failure to establish eligibility for asylum demonstrates his ineligibility for withholding of deportation. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 9
 Finally, Uzowuru claims that the BIA erred in finding that he was statutorily ineligible for voluntary departure because he engaged in marriage fraud for purposes of obtaining an immigration benefit. While the Attorney General has the discretion to grant suspension of deportation and voluntary departure to a deportable alien, 8 U.S.C. § 1254, such relief is only available if the applicant is a person of "good moral character." 8 U.S.C. § 1254(a)(2). In particular, "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was ... one who has given false testimony for the purpose of obtaining any benefits under this chapter." 8 U.S.C. § 1101(f)(6); Kungys v. United States, 485 U.S. 759, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). Not all false testimony defeats an applicant's good character. In Kungys, the Supreme Court limited § 1101(f)(6) to false testimony for the "subjective intent of obtaining immigration benefits." 485 U.S. at 780; see also Paredes-Urrestarazu, 36 F.3d 801, 817 (9th Cir.1994).
 
 
 10
 We find no evidence supporting Uzowuru's claim that his signed admission of marriage fraud is untrue or was signed under duress. We note that Uzowuru presented no corroborating evidence that he was forced to make a false statement and that Uzowuru has not filed a complaint against the INS over the alleged coercion. The evidence provided by Uzowuru to support the legitimacy of his marriage was not dispositive,[2] and Uzowuru's "wife" did not testify or provide him a supporting affidavit. Moreover, the IJ found Uzowuru's account of the marriage not credible and the BIA affirmed. Given the IJ's credibility finding and the absence of any evidence supporting Uzowuru's allegations, we concur with the BIA's denial of voluntary departure.
 
 
 11
 The petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigration Responsibility Act of 1996 was subsequently enacted on September 30, 1996. As a result, its amendments to the Immigration and Nationality Act do not apply to this case. See Astrero v. INS, 104 F.3d 264, 265 (9th Cir.1996)
 
 
 [2]
 Uzowuru provided a wedding certificate, wedding pictures, a jointly filed tax return to prove the legitimacy of the wedding. The BIA noted that while it is unclear if the evidence was part of the record, it is the type of evidence easily fabricated