Mariano Antonio CASTRO; Sara Flores–Flores; Marco Antonio Flores–Castro; Anabel Flores–Castro; Eder Oswaldo Flores–Castro, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–70742.

INS Nos. A70–806–745 A70–806–746 A70–806–747 A70–806–748 A70–806–749.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001 [1].

Decided March 22, 2001.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

608

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Petitioners,[3] natives and citizens of Mexico, petition pro se for review of a final decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of an in migration judge's ("IJ") denial of their application for suspension of deportation. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We grant the petition for review.

The IJ's premature application of the stop-time rule, *see Astrero v. INS*, 104 F.3d 264, 266 (9th Cir.1996), resulted in the IJ's conclusion that petitioners had not met the continuous physical presence requirement for eligibility for suspension of deportation. Because the IJ denied petitioner's application based solely on this conclusion, and the BIA failed to correct the IJ's procedural error, we grant the petition for review. We remand to the BIA with instructions to remand to the IJ to consider the application for suspension of deportation under the law as it existed on March 12, 1997, and to consider the current facts and petitioners' current circumstances. *See Guadalupe–Cruz v. INS*, 240 F.3d 1209, 1211–1213 (9th Cir.2001).

We do not consider petitioners' eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez* .

**PETITION FOR REVIEW GRANTED. REVERSED and REMANDED**

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** Petitioners include husband, Mariano Antonio Castro, wife, Sara Flores–Flores, and children, Marco Antonio Flores–Castro, Anabel Flores–Castro, and Eder Oswaldo Flores–Castro.

