**Evangelina Araceli LOPEZ–ESCOBAR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 99–70751.**
**INS No. A70 785 691.**

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2001.*

Decided June 15, 2001.

R.App. P. 34(a)(2).

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Evangelina Araceli Lopez–Escobar is a native and citizen of Guatemala who entered without inspection on July 28, 1989. On September 11, 1995, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against her by issuing an Order to Show Cause ("OSC"). Lopez–Escobar admitted the allegations in the OSC and conceded deportability. On August 5, 1996, she filed an application for suspension of deportation. At a hearing on October 17, 1996, the Immigration Judge ("IJ") denied her application for suspension of deportation because she did not have seven years of continuous physical presence in the United States prior to the commencement of deportation proceedings (the "stop-time rule"). On appeal, the Board of Immigration Appeals ("BIA") affirmed the decision of the IJ. Lopez–Escobar petitions for review of the BIA's decision.

Lopez–Escobar argues that the stop-time rule imposed by § 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996) ("IIRIRA"), as modified by § 203(a) of the Nicaraguan Adjustment and Central American Relief Act of 1997, Pub.L. No. 105–100, 111 Stat. 2160, 2193 ("NACARA"), does not apply to aliens seeking suspension of deportation when their deportation proceedings began with the issuance of an OSC. We have held to the contrary. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001) ("We hold that IIRIRA section 309(c)(5)(A) generally applies the stop-time rule to transitional rule aliens whose deportations were initiated with the service of an OSC and who seek suspension of deportation").

We have also held, however, that the new stop-time rule "could not be applied before its effective date of April 1, 1997." *Guadalupe–Cruz v. INS,* 240 F.3d 1209, 1211 (9th Cir.2001) (citing *Astrero v. INS,* 104 F.3d 264, 266 (9th Cir.1996)). Here, on October 17, 1996, more than five months before the rule's effective date, the IJ impermissibly applied the stop-time rule to Lopez–Escobar's application for suspension of deportation. Had the IJ relied on the pre-IIRIRA law, which permitted an alien to include time in the country up until his or her application for suspension of deportation, Lopez–Escobar would have met the continuous physical presence requirement. Pursuant to our decision in *Guadalupe–Cruz,* we hold that the IJ erred and the error was not harmless. *See id.* at 1211–12.

We therefore grant the petition and remand to the BIA with instructions to remand to the IJ. If Lopez–Escobar pursues her suspension application, the IJ, in determining whether she is eligible for suspension of deportation, shall (1) apply the law as it existed on October 17, 1996, and (2) consider the current facts and Lopez–

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Escobar's current circumstances. *Id.* at 1212.[1]

PETITION GRANTED.

---

1. We do not consider Lopez–Escobar's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

