Irma Veronica CASTRO; Carlos Fernando Castro–Lerma; Francisco Javier Castro–Lerma, Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–71180.
INS Nos. A75–247–745, A75–
247–744, A75–247–743.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN,
and GOULD, Circuit Judges.

MEMORANDUM **

Irma Veronica Castro and her children Carlos Fernando Castro–Lerma and Francisco Javier Castro–Lerma (collectively "Petitioners") petition for review of their final orders of deportation entered by the Board of Immigration Appeals ("BIA") on August 17, 2000. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

Petitioners, natives and citizens of Mexico, entered the United States without inspection in July 1990. On November 8, 1996, they were served with Orders to Show Cause ("OSC") why they should not be deported as aliens having entered the United States without inspection. In a decision dated May 29, 1997, an Immigration Judge pretermitted Petitioners' applications for suspension of deportation because Petitioners had failed to meet the continuous physical presence requirement before being served with the OSC and thus were statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioners contend that they were eligible for suspension of deportation and challenge the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Ille-

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

gal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625 ("IIRIRA")—bars such relief in their case.[1] Petitioners' arguments challenging the application of the stop-time rule are foreclosed by our decision in *Ram v. INS*, 243 F.3d 510 (9th Cir.2001). The Board therefore correctly concluded that the stop-time rule applied to their application.

PETITIONS DENIED.

---

1. The Immigration Judge properly applied the *stop-time rule* to Petitioners because her order pretermitting Petitioners' application for suspension of deportation was issued subsequent to the April 1, 1997, effective date of IIRIRA. *See Astrero v. INS*, 104 F.3d 264, 266 (9th Cir.1996) (holding that IIRIRA's effective date is April 1, 1997).

