Kendrick A. MYVETT, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 99–71332.

INS No. A70–917–239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2001.[*]

Decided July 11, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Kenrick A. Myvett ("Myvett"), a native and citizen of Belize, entered the United States from Mexico without inspection. He claims that he did so on December 17, 1988. After rejecting his asylum application, the INS served Myvett with an Order to Show Cause ("OSC") dated February 24, 1995. After initially being found deportable in absentia, Myvett successfully moved to reopen his proceedings and sought suspension of deportation in a hearing on September 8, 1997. At the hearing, an Immigration Judge ("IJ") denied Myvett's application for suspension of deportation because the IJ found him statutorily ineligible for such relief under the terms of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). In particular, the IJ ruled that, under INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1), Myvett had not accrued seven years of continuous physical presence in the United States before being served with an OSC. Myvett appealed to the Board of Immigration Appeals, which affirmed the IJ on September 14, 1999.

In *Astrero v. INS*, 104 F.3d 264 (9th Cir.1996), we held that INA § 240A(d)(1) was not effective until April 1, 1997. Since this provision was first applied to Myvett after this date, his due process rights were not violated. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). Petitioner's remedy with respect to claims for relief under *Barahona Gomez* lies in district court in accordance with this court's recent opinion in *Barahona Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999); *aff'd*, 236 F.3d 1115 (9th Cir.2001). Because the district court's preliminary injunction in *Barahona Gomez* precludes the Attorney General from deporting class members until the class action is resolved, denial of this petition for review does not affect the rights of this class member as to that preclusion or the rights asserted in the class action.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.