**Miriam Josefina ESTRADA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70831.

INS No. A70–645–238.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 11, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Miriam Estrada ("Estrada") entered the United States on January 12, 1990. She was served with an Order to Show Cause ("OSC") on November 11, 1995, and conceded deportability at a hearing before an Immigration Judge ("IJ") on April 22, 1996. On March 11, 1997, the IJ denied Estrada's application for suspension of deportation because the IJ believed that she was statutorily ineligible for such relief under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), enacted on September 30, 1996. In particular, the IJ ruled that, under IIRIRA's "stop-time rule," *see* INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1), Es-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

trada had not accrued seven years of continuous physical presence in the United States before being served with an OSC. Estrada appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision on June 17, 1999.

In *Astrero v. INS*, 104 F.3d 264 (9th Cir.1996), we held that the stop-time rule was not effective until the general effective date of IIRIRA on April 1, 1997. Therefore, when the IJ in this case applied the stop-time rule to Estrada on March 11, 1997, he subjected her to the rule before its effective date. Following *Guadalupe–Cruz v. INS*, 240 F.3d 1209 (9th Cir.2001), we therefore grant the petition for review, reverse the decision of the BIA, and remand with instructions to remand to the IJ. If Estrada chooses to pursue her application for suspension of deportation before the IJ, the IJ shall, in determining whether she is eligible for suspension of deportation, (1) apply the law as it existed on March 11, 1997, and (2) consider the current facts and Estrada's current circumstances.

PETITION GRANTED, REVERSED and REMANDED.

---

\* Earl Anzai is substituted for Margery S. Bronster, Attorney General of Hawaii, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.