Margarita Guadalupe RIVERA–
MARTINEZ, aka Esmeralda
Rivera Cuevas, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70836.
I & NS Nos. A70–740–030, A70–785–184.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2001.*

Oct. 12, 2001.

Before BRUNETTI, RYMER, and
WARDLAW, Circuit Judges.

MEMORANDUM **

Margarita Guadalupe Rivera–Martinez
and her daughter, Esmeralda Rivera–Cue-
vas ("Petitioners"), natives and citizens of
Mexico, petition for review of a final order
of deportation entered by the Board of
Immigration Appeals ("BIA") on June 17,
1999. Petitioners were served with an
order to show cause ("OSC") on January
30, 1996—approximately six years and ten
months after they entered the United
States. At a hearing on October 11, 1996,
the Immigration Judge granted Petition-
ers' application for suspension of deporta-

* The panel finds this case appropriate for sub-
mission without oral argument pursuant to
Fed.R.App.P. 34(a)(2).

** This disposition is inappropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
9th Cir.R. 36–3.

tion. The Immigration and Naturalization Service appealed to the BIA. On appeal, the BIA determined that Petitioners had failed to meet the continuous physical presence requirement before being served with the OSC and thus were statutorily ineligible for suspension. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") section 309(c), and we deny the petition.

Petitioners contend that they were eligible for suspension of deportation and challenge the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the IIRIRA, 110 Stat. 3009–625—bars such relief in their case. Petitioners' arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, 243 F.3d 510 (9th Cir. 2001).

Petitioners also assert that our decision in *Guadalupe–Cruz v. INS*, 240 F.3d 1209 (9th Cir.2001) is controlling. In *Guadalupe–Cruz*, we reversed and remanded a final order of deportation based on a decision of the Immigration Judge to apply the IIRIRA before the effective date of the statute. In that case, the Immigration Judge disregarded our instructions in *Astrero v. INS*, 104 F.3d 264 (9th Cir.1996), in which we held that it would be premature to apply the IIRIRA to cases heard before April 1, 1997. Here, the Immigration Judge properly declined to apply the IIRIRA at the time of the merits hearing. Because the IIRIRA was effective at the time of the appeal, however, we hold that the BIA correctly applied the stop-time rule when it considered the case on June 17, 1999. IIRIRA § 309(c)(5)(A); *Ram*, 243 F.3d at 517–18.

Finally, we reject Petitioners' claim that the INS violated Petitioners' due process rights when it appealed the decision of the Immigration Judge. *Guadalupe–Cruz* affirms the right of the INS to appeal a decision of the Immigration Judge even if the ultimate effect is to bar application of pre-IIRIRA law to Petitioners' claim. *Guadalupe–Cruz*, 240 F.3d at 1211–12 (noting that "if the IJ had followed the pre-IIRIRA law and granted Petitioners' suspension applications, the INS could have appealed").

We do not consider Petitioners' eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

PETITION DENIED.