**Maria Estela ARROYO–GOMEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71722.

I & NS No. A73–444–162.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2002.

Decided Jan. 14, 2002.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Maria Estela Arroyo–Gomez ("Arroyo–Gomez") seeks review of an order from the Board of Immigration Appeals ("BIA"), based on asserted error in the underlying decision of the Immigration Judge ("IJ") denying her motion to reconsider the denial of her application for suspension of deportation. Arroyo–Gomez argues that the IJ erroneously applied the stop-time rule of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") before IIRIRA became effective. We agree, grant the petition for review, and reverse and remand the case for further proceedings.

The IJ originally denied Arroyo–Gomez's application for suspension of deportation based on failure to prove extreme hardship. Arroyo–Gomez moved for reconsideration of the decision and attached 184 pages of exhibits relating to the asserted extreme hardship.

In his order denying the motion to reconsider, the IJ mistakenly wrote that his original decision was based on the absence of continuous physical presence. Extreme hardship was described as a secondary ground for having denied the original application. The IJ noted that there was no

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

showing that the materials offered as exhibits were previously unavailable or that they could not have been presented at the original hearing, but he did not make any findings as to the exhibits and did not reach the merits of a reconsideration on extreme hardship. Instead, the IJ denied the reconsideration motion because the exhibits did not affect what he mistakenly said was the earlier ground for decision—lack of continuous physical presence.[1] The BIA thereafter dismissed Arroyo–Gomez's appeal based solely on the stop-time rule.

We hold that, in ruling on the motion for reconsideration, the IJ prematurely applied the stop-time rule in violation of *Astrero v. INS*, 104 F.3d 264 (9th Cir.1996). If the IJ had applied the then-current law, he would have concluded, based on our decision in *Astrero*, that continuous physical presence was adequate because the stop-time rule was not yet applicable. It would have then been appropriate for the IJ to assess the merits of the requested reconsideration of extreme hardship. Arroyo–Gomez thus was deprived of her right at that time under existing law to have the IJ assess her requested reconsideration on extreme hardship and the evidence submitted thereon, to the extent that evidence was previously unavailable. We will not speculate on how the IJ would have decided extreme hardship had he followed *Astrero*. We will also not speculate as to whether the INS would have appealed a decision favorable to Arroyo–Gomez, which may have allowed the BIA to apply the stop-time rule after IIRIRA's effective date. *See Guadalupe–Cruz v. INS*, 240 F.3d 1209, 1212 (9th Cir.2001). The *Astrero* violation must be remedied, *see id.* at 1212 n. 7, and we will provide a remedy by requiring the IJ to rule on the motion for reconsideration, including the extreme hardship issue.

We reverse and remand to the BIA with instructions to remand to the IJ. The IJ shall decide the motion to reconsider without applying the stop-time rule.

PETITION GRANTED. REVERSED AND REMANDED.

---

1. Although the IJ did not mention the stop-time rule by name, the IJ had to use the rule in order to find that Arroyo–Gomez had not attained seven years of continuous physical presence.