**Margarita Guadalupe RIVERA–MARTINEZ, AKA Esmeralda Rivera Cuevas, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–70836.

I & NS Nos. A70–740–030, A70–785–184.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2001.*

Decided May 6, 2002.

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

## ORDER**

The Memorandum Disposition, filed October 12, 2001 in *Rivera–Martinez v. INS*, No. 99–70836, is hereby WITHDRAWN. Petitioners' request for a petition for rehearing is GRANTED.

## MEMORANDUM *

Margarita Guadalupe Rivera–Martinez and her daughter, Esmeralda Rivera–Cuevas ("Petitioners"), natives and citizens of Mexico, petition for review of a final order of deportation entered by the Board of Immigration Appeals ("BIA") on June 17, 1999. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") section 309(c), and we grant the petition.

Petitioners were served with an order to show cause ("OSC") on January 30, 1996—approximately six years and ten months after they entered the United States. At a hearing on October 11, 1996, the Immigration Judge ("IJ"), applying pre-IIRIRA law, granted Petitioners' application for suspension of deportation. The Immigration and Naturalization Service ("INS") appealed to the BIA, arguing that the stop-time rule was applicable on October 11, 1996, and that Petitioners could not meet the continuous physical presence requirement before being served with an OSC. On appeal, the BIA agreed, deciding that under IIRIRA, Petitioners were statutorily ineligible for suspension.

Our decision in *Otarola v. INS*, 270 F.3d 1272 (9th Cir.2001), dictates the results

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

here. As in *Otarola*, Petitioners were eligible for suspension of deportation at the time of their hearing before the IJ. The IJ properly granted Petitioners' application for suspension of deportation under the law as then stated. Despite clear statutory language, *see* IIRIRA § 309(a), and our decision, in December 1996, that IIRIRA was not effective in deportation proceedings until April 1, 1997, *see Astrero v. INS*, 104 F.3d 264, 266 (9th Cir.1996), the INS filed and continued its appeal, maintaining that the BIA should apply the new stop-time rule. Because the appeal was heard after the effective date of IIRIRA, the BIA applied the new rules, finding the Petitioners no longer eligible for suspension of deportation. Here, as in *Otarola*, "[h]ad the INS not proceeded with its meritless appeal, the correct ruling of the IJ would have stood and [Petitioners] would have been entitled to suspension of deportation." *Otarola*, 270 F.3d at 1277. Accordingly, because "[t]o allow the INS to gain access to the stricter immigration laws of IIRIRA by filing and maintaining frivolous appeals would render Congress's six month delay provision [in which pre-IIRIRA law was to be followed] nugatory." *Otarola*, 270 F.3d at 1276, we GRANT the petition and REMAND with instructions to the BIA to affirm the decision of the IJ.

PETITION GRANTED.