Javier SEQUEIRA–SOLANO, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 95–70834.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1996.

Decided Jan. 6, 1997.

Walter Rafael Pineda and Charles E. Nichol, San Francisco, CA, for petitioner.

Robert Kendall, Jr., Assistant Director, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for respondent.

Before: WOOD, Jr.,* SCHROEDER, and HALL, Circuit Judges.

SCHROEDER, Circuit Judge:

We deal in this case with recurring issues raised after the Board of Immigration Appeals ("BIA") denies a petition to reopen deportation proceedings. Javier Sequeira–Solano ("Sequeira–Solano") was ordered to report on May 18, 1992 for deportation. He failed to show up. He then petitioned for reopening of deportation proceedings, in order to ask for suspension of deportation pursuant to Section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254. The BIA

---

* The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

denied his motion to reopen, and he petitions this court for review.

■ The BIA denied the motion because the petitioner had failed to appear for deportation as ordered by the Immigration and Naturalization Service ("INS"). The BIA reviewed the circumstances of Sequeira–Solano's case, including the fact that by the time of the motion to reopen, he appeared to have satisfied the threshold requirements for suspension of deportation such as continuous residence in the United States for seven years. 8 U.S.C. § 1254(a)(1). The BIA noted, however, that at the time of the deportation proceeding itself, petitioner had not yet satisfied the seven-year requirement; that he had been granted the privilege of voluntary departure; and that he had failed to depart within the time allowed. The BIA correctly found that Sequeira–Solano had put himself in defiance of our immigration laws and therefore concluded that his petition for reopening did not merit favorable consideration.

In so ruling, the BIA followed its leading decision in this area, *In Matter of Barocio*, 19 I & N Dec. 255 (BIA 1985). *Barocio* held that failure to surrender for deportation is a factor militating against reopening of deportation proceedings. Contrary to petitioner's contention in this appeal, the BIA did not apply *Barocio* as a per se rule eliminating the BIA's discretion ever to consider reopening in a situation in which an alien has failed to comply with an immigration order. The BIA considered all of the relevant circumstances in Sequeira–Solano's case and decided that a favorable exercise of its discretion in this case was not warranted.

■ Sequeira–Solano also points to his belated satisfaction of the threshold requirements for suspension of deportation and suggests that the BIA should have granted him a hearing because he had met those requirements by the time of his petition for reopening. The BIA did consider his prima facie showing of eligibility. However, such a showing is not a factor which requires the BIA to grant an evidentiary hearing on the merits of the petition. *See INS v. Abudu*, 485 U.S. 94, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). *Abudu* emphasized that where the ultimate grant of relief is discretionary, as it is in the case of suspension of deportation, the BIA may determine that the movant is not entitled to relief even though he meets the threshold requirements for eligibility. *Id.* at 105–106, 108 S.Ct. at 912–913. It is clear that the BIA has broad discretion in dealing with petitions for reopening. *Id.* at 105–108, 108 S.Ct. at 912–914. That discretion was not abused in this case, where the record reflects that only by disobeying the order to report for deportation was the petitioner able to establish his prima facie eligibility for suspension.

■ Sequeira–Solano urges us to reverse the BIA on two additional grounds. First, he argues that the INS failed to properly notify him of the date and time of deportation, because the INS sent the notice to Sequeira–Solano's former counsel's address, four years after the INS was provided that address. This claim of improper notice fails because it was Sequeira–Solano's responsibility to notify the INS of a change of counsel and concomitant change of address. *See, e.g.,* 8 U.S.C. § 1252b(a)(1)(F)(ii) ("[T]he alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number."). The INS properly sent the required notice to the only address provided by Sequeira–Solano. Moreover, Sequeira–Solano does not claim that the notice was not in fact received.

■ Second, Sequeira–Solano claims that because his order to show cause contains incorrect information, the order of deportation based on that order to show cause must be set aside. *Woodby v. INS*, 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966) (notification order may not be entered unless it is found by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true). Because Sequeira–Solano did not raise this issue before the BIA, we do not have jurisdiction to consider it. *Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir.1987).

The petition for review is DENIED.