108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mulugeta GEBREMICHAEL; Woubie Mekonnen; Belene Mulgeta, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70114.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mulugeta Gebremichael, a native and citizen of Ethiopia, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal of the immigration judge's ("IJ") denial of Gebremichael's motion to reopen deportation proceedings.[1] The IJ entered an order of deportation in absentia when Gebremichael failed to appear at a scheduled hearing. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Gebremichael contends that the IJ erred by issuing an order of deportation in absentia because Gebremichael failed to receive notice of his deportation hearing as required under section 242B of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1252b(a)(2). Specifically, Gebremichael contends that he did not receive adequate notice of his deportation hearing because the immigration court failed to send a notice of the deportation hearing to his attorney of record as required under the relevant regulations. See 8 C.F.R. § 292.5(a). The BIA concluded that the immigration court properly sent notice of the deportation hearing by certified mail to Gebremichael's last known address because Gebremichael's attorney failed to file a notice of appearance as required under 8 C.F.R. § 3.17(a).
 
 
 4
 We review de novo the BIA's determination of purely legal questions regarding the requirements of the Immigration and Nationality Act. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). However, "[t]he denial of a motion to reopen is subject to an abuse of discretion standard." Hernandez-Vivas v. INS, 23 F.3d 1557, 1560 (9th Cir.1994).
 
 
 5
 Under section 1252b(c)(1) of the INA, any alien who fails to attend a deportation proceeding after notice is given in accordance with section 1252b(a)(2), shall be deported in absentia if the INS establishes by clear, unequivocal and convincing evidence that the written notice was so provided and that the alien is deportable. 8 U.S.C. § 1252b(c)(1); see also 8 C.F.R. § 3.26(b). Section 1252b(a)(2)(A) provides in relevant part that "written notice [of deportation proceedings under the section] shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or the alien's counsel of record, if any)." 8 U.S.C. § 1252b(a)(2)(A). The written notice by the Attorney General shall be considered sufficient if provided at the alien's most recent address. See 8 U.S.C. § 1252b(c)(1). "In any proceeding before an Immigration Judge in which the respondent/applicant is represented, the attorney or representative shall file a Notice of Appearance on the appropriate EOIR form with the Immigration Court...." 8 C.F.R. § 3.17(a).
 
 
 6
 Here, the administrative record supports the BIA's conclusion that there was no notice of appearance filed before the in absentia hearing and that the immigration court properly sent notice of the deportation hearing by certified mail to Gebremichael's last known address. See 8 U.S.C. § 1252b(a)(2); 8 C.F.R. § 3.17(a). We reject Gebremichael's various contentions that the INS or the immigration court is somehow responsible for the apparent failure of Gebremichael to receive his notice. See Sequeira-Solano v. INS, 104 F.3d 278, 279 (9th Cir.1997) (stating that it is the alien's responsibility to inform of a change of address); see also Lee v. INS, 685 F.2d 343, 344 (9th Cir.1992) (stating that notification to the INS of change of address does not constitute notice to the BIA).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Woubie Mekonnen and Belene Mulugeta's claims rest upon Mulugeta Gebremichael's claims, for the sake of simplicity, we refer only to Mulugeta Gebremichael