120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julio Antonio ARTOLA-BENDANA; Nora Isabel Cruz-Guzman, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70929.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
July 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Julio Antonio Artola-Bendana and Nora Isabel Cruz-Guzman, a married couple who are natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming an order of an immigration judge ("IJ") denying their motion to reopen to seek asylum, withholding of deportation, and suspension of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review for abuse of discretion a denial of a motion to reopen. See Lainez-Ortiz v. INS, 96 F.3d 393, 395 (9th Cir.1996) (citations omitted). We will not disturb the BIA's ruling denying a motion to reopen unless it acted arbitrarily, irrationally, or contrary to the law. Id. (citations omitted).
 
 
 4
 Petitioners contend that the BIA abused its discretion by denying their motion to reopen to re-apply for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h), because they presented previously unavailable evidence of the Sandinistas' inclination to harm them. This contention lacks merit.
 
 
 5
 Motions to reopen deportation proceedings are disfavored, See id. (citing INS v. Doherty, 502 U.S. 314, 323 (1992)), and shall not be granted unless it appears to the BIA that evidence sought to be offered was not available and could not have been discovered or presented at the former hearing. See id. (citing 8 C.F.R. § 3.2 (1991)). Motions to reopen to seek asylum must reasonably explain the failure to request asylum prior to completion of the deportation proceedings. See id, (citing 8 C.F.R. § 208.4(b)(4) (1991)). Thus, "the new facts and the reasonable explanation requirements both apply to such motions and provide alternative grounds for denial." Id. at 396.
 
 
 6
 Here, the record contains no support for Petitioners' proffered explanation that they withdrew their previous asylum applications because they no longer feared persecution by the Sandinistas given their defeat in 1990. See id. at 395-96 (rejecting contention that offering new facts is necessarily a reasonable explanation). Petitioners told the IJ in 1991 when withdrawing their applications that they would voluntarily depart the United States but would not return to Nicaragua. Thus, the BIA's alternative basis for denying the motion to reopen (no reasonable explanation for the prior withdrawal) was not an abuse of discretion. See Doherty, 502 U.S. at 327 (stating that withdrawing asylum claim for tactical advantage is not a reasonable explanation for failing to pursue claim at earlier hearing).
 
 
 7
 Petitioners next contend that the BIA erred by denying their motion to reopen to seek suspension of deportation under section 244(a) of the Act, 8 U.S.C. § 1254(a). This contention also lacks merit.
 
 
 8
 Petitioners admit that they were granted until July 1, 1992 to depart voluntarily, and did not do so. They concede in their declarations that they "broke the law of this country by not leaving." They also admit that they had notice of the INS Form I-166 and an opportunity to respond to it. Petitioners thus met the seven-year continuous physical presence threshold for seeking suspension of deportation only by failing to report for deportation. See Sequeira-Solano v. INS, 104 F.3d 278, 279 (9th Cir.1997) (holding that, even if alien established prima facie eligibility for suspension, BIA could deny motion to reopen as matter of discretion where alien was able to establish eligibility only by disobeying order to report for deportation). Accordingly, the BIA did not err in determining that Petitioners were not entitled to a favorable exercise of discretion even if they met the threshold requirements for suspension of deportation. See id.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)