122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Otto Estuardo GARCIA-RUIZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70444.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Otto Estuardo Garcia-Ruiz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 We review the denial of a motion to reopen deportation proceedings for abuse of discretion. See Sharma v. INS, 89 F.3d 545, 547 (9th Cir.1996). Motions to reopen shall not be granted unless the claimant presents material evidence not available at the tine of the original hearing. See 8 C.F.R. § 3.2 (1995); Lainez-Ortiz v. INS, 96 F.3d 393, 395 (9th Cir.1996). "A case may not be reopened solely to allow a late appeal." Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993) The time limit for appealing an IJ's decision to the BIA is mandatory and jurisdictional, see id., and if a timely appeal is not filed, the IJ's decision becomes final, see 8 C.F.R. § 3.39 (1995).
 
 
 4
 Here, Garcia-Ruiz filed a motion to reopen more than three months after the deadline for appealing the IJ's denial of his application for asylum and withholding of deportation to the BIA.[1] Garcia-Ruiz presented no new evidence and conceded that he filed a motion to reopen solely to remedy his failure to file a timely appeal. Moreover, Garcia-Ruiz did not report for his scheduled deportation as ordered by the Immigration and Naturalization Service. See Segueira-Solano v. INS, 104 F.3d 278, 279 (9th Cir.1997) (stating that BIA may properly consider failure to surrender for deportation as a factor militating against reopening deportation proceedings).
 
 
 5
 Accordingly, the BIA did not abuse its discretion by dismissing Garcia-Ruiz's appeal of the IJ's denial of his motion to reopen. See Sharma, 89 F.3d at 547.[2]
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Garcia-Ruiz claimed that he failed to file a timely appeal because he did not have the money to pay his current attorney and did not have the time to find a new attorney
 
 
 [2]
 Our review is confined to the grounds upon which the BIA relied. See De la Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991) (per curiam). Accordingly, we do not consider the merits of Garcia-Ruiz's application for asylum and withholding of deportation. See id