124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlito Buluran De los SANTOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aoo-nzz-yup.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlito Buluran De los Santos, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals, dismissing his appeal from the immigration judge's denial of his motion to reopen deportation proceedings to apply for asylum. We deny the petition for review.
 
 
 3
 De los Santos contends that he did not receive proper notice of the deportation proceedings, and therefore, the immigration judge erred in entering the deportation order in absentia. Specifically, he contends that although the notice of deportation was sent by certified mail to the address provided by him on his asylum application and that a return receipt was signed by someone at that address, he did not receive "actual" notice of the hearing because he was residing with his United States citizen wife at another location.
 
 
 4
 It is the alien's responsibility to inform of a change in address. See Sequeira-Solano v. INS, 104 F.3d 278, 279 (9th Cir.1997). De los Santos failed to do this. "The sole issue in a motion to reopen is whether an alien can demonstrate exceptional circumstances that excuse his failure to appear at the deportation hearing," and a petitioner's claim that he did not actually and personally receive the notice of hearing does not demonstrate exceptional circumstances. Farhoud v. INS, 114 F.3d 867, 868 (9th Cir.), as amended on denial of rehearing, 1997 WL 534524 (9th Cir. 5/30/97). De los Santos's claim that he failed to receive actual notice, therefore, fails to demonstrate exceptional circumstances. De los Santos's due process challenge to the notice procedures is similarly precluded. See id. at 869. Accordingly, we conclude that the BIA did not err in denying his motion to reopen, id.[1]
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because this court only has jurisdiction to review issues raised before the Board of Immigration Appeals', Sequeira-Solano v. INS, 104 F.3d at 279, De los Santos, by raising it for the first time in this petition for review, has waived the issue of whether a "responsible" person signed the return receipt. De los Santos has also waived the issue of proper service of the Order to Show Cause by failing to raise it in his opening brief with this court. In addition the immigration judge did not err in denying De los Santos's request for a hearing on his motion to reopen. See Ahwazi v. INS, 751 F.2d 1120 (9th Cir.1985)