131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Veronica A. ELDRED-COWDERY, a/k/a Veronica A. ANDRADE
PANTOJA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70315.
 United States Court of Appeals, Ninth Circuit.
 Filed Nov. 21, 1997
Submitted Nov. 21, 1997.*
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Veronica Eldred-Cowdery, a native and citizen of Ecuador, petitions for review of the decision of the Board of Immigration Appeals, dismissing her appeal from the immigration judge's denial of her motion to reopen deportation proceedings. The IJ entered the deportation order in absentia. We deny the petition for review.
 
 
 3
 Eldred-Cowdery contends that her due process rights were violated when she did not receive actual notice of the deportation hearing. Specifically, she claims that she failed to provide the immigration court with her new address, but that the court was under an obligation to take further steps to find her when the notice was returned as unclaimed.
 
 
 4
 It is the alien's responsibility to inform the immigration court of a change in address. See Sequira-Solan v. INS, 104 F.3d 278, 279 (9th Cir.1997). Eldred-Cowdery was informed, both in writing and verbally, of her duty to report any changes in her address when she was personally served with the Order to Show Cause. Eldred-Cowdery admits she failed to do this. "The sole issue in a motion to reopen is whether an alien can demonstrate exceptional circumstances that excuse his failure to appear at a deportation hearing," and a petitioner's claim that he did not actually and personally receive the notice of hearing does not demonstrate exceptional circumstances. Farhoud v. INS, No. 96-70337, slip op. 12811, 12814-15 (9th Cir. 10/6/97). Furthermore, the immigration court was not required to serve Eldred-Cowdery's attorney where the attorney had not formally entered an appearance on her behalf until after the in absentia order issued. See 8 C.F.R. §§ 3.17(a) and 292.5. Eldred-Cowdery failed to establish exceptional circumstances to excuse her failure to appear at the deportation, and therefore, the BIA did not err in denying her motion to reopen.
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4