Amarjeet SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71360.
Agency No. A73–428–573.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Douglas E. Ginsburg, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN and WARDLAW, Circuit Judges.

MEMORANDUM**

Amarjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1105a(a). See Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997). We review

for an abuse of discretion, Shaar v. INS, 141 F.3d 953, 955 (9th Cir.1998), and deny the petition.

Singh's motion to reopen alleged that he never received the BIA's prior order dismissing his appeal and was therefore precluded from filing a timely appeal. The BIA did not abuse its discretion by denying the motion because it mailed notice to the last address provided by Singh's counsel, and counsel did not notify the BIA of any address change. See Garcia v. INS, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (stating that "[d]ue process is satisfied if notice is served in a manner 'reasonably calculated' to ensure it reaches the alien" (internal citation omitted)); Sequiera–Solan v. INS, 104 F.3d 278, 279 (9th Cir.1997) (explaining that petitioner must notify the immigration court of a change of address).

We do not reach Singh's ineffective assistance of counsel argument because it was not presented to the BIA. See Cortez–Acosta v. INS, 234 F.3d 476, 480 (9th Cir.2000) (concluding that petitioner's failure to raise an argument before the BIA deprived this court of jurisdiction).

We do not consider Singh's remaining contentions challenging IJ's underlying decision because they do not pertain to the merits of his motion to reopen.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.