**Jorge VELASCO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70438.

Agency No. A70–046–247.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Jan. 16, 2004.

Charles Pell, Zachary Bulthuis, O'Melveny & Myers LLP, Los Angeles, CA, Jorge Velasco, pro se, Santa Ana, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Im-

migration and Naturalization Service, Los Angeles, CA, OIL, Susan Houser, Esq., Daniel E. Goldman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Jorge Velasco petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his application for relief from deportation pursuant to the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition. Because the facts are familiar to the parties, we do not recite them here.

■ We conclude that reinstatement of Velasco's 1988 deportation order was proper under 8 U.S.C. § 1231(a)(5). Velasco does not deny that notice may have been received at the address he had provided to the INS and has not established that the INS sent no notice. Velasco bore the obligation to inform the INS of any address change.[2] His failure to do so does not preclude the application of § 1231(a)(5), neither does reinstatement of the deportation order in these circumstances constitute a due process violation.[3]

■ We also conclude that the BIA correctly rejected Velasco's petition for CAT relief. Velasco did not show that it was "more likely than not that he ... would be tortured if removed to" El Salvador.[4] In addition, he failed to establish that "gross, flagrant, or mass violations of human rights" exist in El Salvador; thus, his case does not fall under 8 C.F.R. § 208.16(c)(3)(iii). Additionally, the IJ and BIA ignored no specific evidence of torture, and § 208.16(c)(3)(iv) is not applicable.[5]

■ The BIA correctly rejected Velasco's due process challenges to the IJ's refusal to allow Velasco to present additional evidence. The district court provided Velasco with a more than "reasonable opportunity to present evidence."[6] His failure to present adequate evidence cannot be blamed on the IJ.

■ Similarly, the BIA properly held that the IJ did not err in refusing to grant Velasco a fourth continuance to seek counsel. The IJ did "everything [she] reasonably could to permit [Velasco] to obtain counsel," granting three continuances for Velasco to seek representation.[7] "[I]n the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 23 I.L.M. 1027 (1984).

2. *Sequeira–Solano v. INS,* 104 F.3d 278, 279 (9th Cir.1997).

3. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002) (reviewing due process challenges *de novo* ); *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38

(1992); *Espinoza–Castro v. INS,* 242 F.3d 1181, 1185 (9th Cir.2001) (upholding the BIA's determination under the substantial evidence standard).

4. 8 C.F.R. § 208.16(c)(2).

5. Velasco does not even argue that §§ 208.16(c)(3)(i) or (ii) apply to his case.

6. *Ladha v. INS,* 215 F.3d 889, 904 (9th Cir. 2000) (internal quotation marks omitted).

7. *Vides–Vides v. INS,* 783 F.2d 1463, 1469 (9th Cir.1986).

context of immigration proceedings ... the decision to grant or deny continuances is in the sound discretion of the trial judge." [8]

 Finally, we conclude that the INS did not violate Velasco's right to confidentiality in the CAT proceedings. Velasco has presented no evidence that a disclosure of the kind prohibited by 8 C.F.R. § 208.6 was made. While an officer informed the Salvadoran Interpol office that Velasco was in immigration proceedings, the information revealed nothing regarding the nature of Velasco's application for relief.

PETITION DENIED.

---

8. *Baires v. INS*, 856 F.2d 89, 91 n. 4 (9th Cir.1988). This court has denied petitions for review in the past in situations "where the alien had already had an extended period of time in which to obtain counsel and did not do so." *Id. See, e.g., Vides–Vides*, 783 F.2d at 1470.