MEMORANDUM **
*916 Leibis Doraba Carpio-Reyes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her motion to reopen her deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003), and review for abuse of discretion the denial of a motion to reopen, Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir.2008). We deny the petition for review.
Carpio-Reyes does not dispute that the Order to Show Cause was personally served on her, and she concedes she failed to provide the immigration court with an address where she could be contacted. See 8 C.F.R. § 3.15(c) (1994). The IJ, therefore, properly ordered her deported in absentia when she failed to appear at the immigration hearing, and the agency acted within its discretion in denying Carpio-Reyes’ motion to reopen to rescind her deportation order. See 8 U.S.C. § 1252b(c)(2)-(3) (1994); Sequeiror-Solano v. INS, 104 F.3d 278, 279 (9th Cir.1997). Contrary to Carpio-Reyes’ contention, the agency considered her claim of non-receipt.
Carpio-Reyes’ contention that the BIA violated due process by failing to provide her with a transcript of proceedings fails because she did not demonstrate prejudice. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring prejudice for a petitioner to prevail on a due process claim).
Carpio-Reyes has waived any challenge to the agency’s denial of her motion to reopen under the Nicaraguan Adjustment and Central American Relief Act. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.