**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIAN CAI LIN,

              Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 08-70117

Agency No. A076-641-165

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

     Dian Cai Lin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. §

1252. We review for abuse of discretion the denial of a motion to reopen, *He v.*

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 501 F.3d 1128, 1130-31 (9th Cir. 2007), and we deny the petition for review.

The agency denied Lin's motion to reopen as untimely, and also denied it as a matter of discretion based upon Lin's failure to appear at his asylum merits hearing in 2000 and his subsequent failure to apprise the government of his address until he filed a motion to reopen in 2006. In his opening brief, Lin failed to challenge the agency's discretionary denial of his motion to reopen, which is dispositive. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (stating that issues not supported by argument are deemed abandoned); *see also Sequeira-Solano v. INS*, 104 F.3d 278, 279 (9th Cir. 1997) ("The BIA considered all of the relevant circumstances in [petitioner's] case and decided that a favorable exercise of its discretion in this case was not warranted.").

Lin's contention that he is entitled to file a successive asylum application is foreclosed by this court's decision in *Chen v. Mukasey*, 524 F.3d 1028, 1032 (9th Cir. 2008) (an alien may file a successive asylum application only in connection with a successful motion to reopen, subject to the time and number limitations).

**PETITION FOR REVIEW DENIED.**

08-70117