NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL RAMOS MEZA, | Nos. 09-70652, 09-73488 |
| Petitioner, | Agency No. A070-966-736 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2013**
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Miguel Ramos Meza petitions for review of his final order of removal and

the Board of Immigration Appeals's (BIA) denial of his motion to reopen. We

deny the petition for review of the final order of removal. We grant the petition for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of the denial of reopening and remand for a renewed exercise of agency discretion.

*1.* The BIA decision properly relied on Ramos's false sworn testimony before the asylum officer and before the immigration judge to hold that Ramos lacked good moral character and was therefore ineligible for cancellation of removal. *See Bernal v. INS*, 154 F.3d 1020, 1022 (9th Cir. 1998).

*2.* Ramos waived his argument on appeal as to the lack of substantiation of his false sworn testimony before the asylum officer because he failed to raise that challenge before the BIA. *See Ramos v. INS*, 246 F.3d 1864, 1266-67 (9th Cir. 2001) (holding that we lack jurisdiction when a petitioner fails to argue before the BIA that there is no evidence he was under oath during the asylum interview). Even if not waived, the argument lacks merit because the administrative record contains Ramos's signed oath to tell the truth during his interview with the asylum officer.

*3.* Substantial evidence supports the BIA's finding that Ramos gave false testimony "for the purpose" of obtaining an immigration benefit. 8 U.S.C. § 1101(f)(6); *see Kungys v. United States*, 485 U.S. 759, 780 (1988). Ramos repeatedly admitted under cross-examination before the immigration judge that he had given false testimony with the intent of obtaining an immigration benefit.

***4.*** The BIA abused its discretion by failing to consider the favorable factors Ramos offered in favor of discretionary reopening, including his support of young U.S. citizen children, well-documented work history, allegedly continuous presence, and potentially meritorious U visa application. Although dishonesty or other misconduct is an important factor militating against discretionary reopening, *Sequeira-Solano v. INS*, 104 F.3d 278, 279 (9th Cir. 1997) (discussing *Matter of Barocio*, 19 I. & N. Dec. 255 (BIA 1985)), it is not a per se bar to reopening, *Arrozal v. INS*, 159 F.3d 429, 433 (9th Cir. 1998). Rather, as we have repeatedly held, the BIA "must weigh favorable factors against unfavorable factors" in determining whether to deny reopening in its discretion. *Id.*; *see Yan Rong Zhao v. Holder*, No. 11-73321, --- F.3d ----, 2013 WL 4767353, at *4 (9th Cir. Sept. 6, 2013); *Virk v. INS*, 295 F.3d 1055, 1060 (9th Cir. 2002).

The government does not dispute that the BIA did not weigh Ramos's favorable factors against his false testimony, but contends that the BIA would not have been able to credit those factors because Ramos lied to gain immigration benefits. The BIA did not articulate this reasoning, however, and we cannot affirm the BIA on a ground upon which it did not rely. *Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011).

**5.** The BIA also erroneously based its decision to deny Ramos's motion to reopen on the ground that United States Citizenship and Immigration Services (USCIS) had sole jurisdiction over his U visa application. At the time of this decision, dated October 7, 2009, it was an abuse of discretion for the BIA to deny reopening solely on the ground that USCIS had jurisdiction over the underlying relief. *Kalilu v. Mukasey*, 548 F.3d 1215, 1217-18 (9th Cir. 2008) (per curiam). It remains an open question what effect, if any, the subsequent decision in *Matter of Yauri*, 25 I. & N. Dec. 103 (BIA 2009), would have on Ramos's petition.

The petition in No. 09-70652 is **DENIED**. The petition in No. 09-73488 is **GRANTED**, and we **REMAND** to the BIA to reconsider Ramos's motion to reopen.