**Bernardino Eudoxio SANTIAGO-RAMIREZ, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 14-72649

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Pasquale Lombardo, Attorney, Law Offices of Pasquale Lombardo, Glendale, CA, for Petitioner

Justin Robert Markel, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Bernardino Eudoxio Santiago-Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Santiago-Ramirez's motion to reopen based on ineffective assistance of counsel where Santiago-Ramirez did not provide sufficient evidence to show he had been prejudiced by the performance of former counsel. *See id.* at 793-94 (prejudice results when "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings"). His claims involving two notarios also fail. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1015-16 (9th Cir. 2008) (holding that "knowing reliance upon the advice of a non-attorney cannot support a claim for ineffective assistance of counsel").

Contrary to Santiago-Ramirez's contention, the BIA did not utilize an improper legal standard in its prejudice analysis. His contentions that the BIA misstated facts and ignored evidence or relevant precedent are not supported by the record.

In his opening brief, Santiago-Ramirez fails to challenge the BIA's discretionary denial of his motion to reopen, which is dispositive with respect to his request for reopening based on changed country conditions. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996) (stating that issues not supported by argument are deemed abandoned); *see also Sequeira-Solano v. INS*, 104 F.3d 278, 279 (9th Cir.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1997) ("The BIA considered all of the relevant circumstances in [petitioner's] case and decided that a favorable exercise of its discretion in this case was not warranted.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.