**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL RAMOS MEZA,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No. 14-73966

Agency No. A070-966-736

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2017
San Francisco, California

Before: MURGUIA[**] and HURWITZ, Circuit Judges, and KEELEY,[***] District Judge.

Miguel Ramos Meza, a native and citizen of Mexico, petitions for review of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     This case was submitted to a panel that included Judge Kozinski, who recently retired. Following Judge Kozinski's retirement, Judge Murguia was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Murguia has read the briefs, reviewed the record, and listened to oral argument.

[***]     The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1147 (9th Cir. 2013), and deny the petition for review.

1.     We previously remanded to the BIA with the instruction that it weigh Ramos's dishonesty against "the favorable factors [he] offered in favor of discretionary reopening, including his support of young U.S. citizen children, well-documented work history, allegedly continuous presence, and potentially meritorious U visa application." *Meza v. Holder*, 544 F. App'x 716, 717–18 (9th Cir. 2013). On remand, the BIA fulfilled its duty to "weigh favorable factors against unfavorable factors." *Arrozal v. INS*, 159 F.3d 429, 433 (9th Cir. 1998) (citing *Yepes-Prado v. INS*, 10 F.3d 1363, 1366 (9th Cir. 1993)). The BIA acknowledged the "significant" favorable equities, but nonetheless concluded that Ramos's "ongoing false claims, including false testimony, that he was a native and citizen of Guatemala, whereas he is in fact from Mexico," outweighed the favorable factors. The BIA did not abuse its discretion by reasonably concluding that Ramos's dishonesty for the purpose of obtaining an immigration benefit, which spanned a period of nearly fifteen years until he was confronted by contrary evidence at his removal hearing, constitutes "a very serious matter" and "egregious conduct" that outweighs Ramos's favorable factors. *See Singh v. Holder*, 643 F.3d

2

1178, 1181 (9th Cir. 2011).

2.  The BIA did not mischaracterize as a negative factor Ramos's potential eligibility for derivative U visa relief. Rather, the BIA acknowledged that Ramos's potential eligibility for such relief was a favorable factor, but appropriately noted the mitigating fact that the U visa application at issue "was submitted some 14 years after the events underlying the wife's potential for a U visa." *See* 8 C.F.R. § 1003.2(c)(1) (2017) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ."); *INS v. Doherty*, 502 U.S. 314, 323–25 (1992).

3.  Likewise, the BIA did not abuse its discretion by reasoning that Ramos's pattern of misrepresentation continued even after his true citizenship was exposed at the removal hearing. In his supplemental U visa application, Ramos falsely indicated that he had not misrepresented a material fact for the purpose of obtaining an immigration benefit.

**DENIED.**