Valentina Alexandrovna
ONOUFRIENKO,
Petitioner,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 02–72496.

Agency No. A74–809–017.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2003.**

Decided Dec. 5, 2003.

Joseph J. Rose, Law Offices of Joseph J. Rose, New York, NY, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Patricia K. Buchanan, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, FARRIS, and WARDLAW, Circuit Judges.

### MEMORANDUM***

Valentina Onoufrienko, a Jewish citizen of Russia, petitions for review of a final

---

* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. Fed. R.App. P. 43(c)(2). The INS ceased to exist on March 1, 2003.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

order of the Bureau of Immigration Appeals ("BIA"), which affirmed, without opinion, the Immigration Judge's ("IJ's") decision to deny her her applications for asylum and withholding of deportation. We thus review the IJ's decision as the final agency determination, 8 C.F.R. § 1003.1(a)(7), and affirm.

The IJ denied Onoufrienko's applications for asylum and withholding of deportation based on an adverse credibility finding. We review this finding under the substantial evidence standard, and it must be upheld " 'unless the evidence presented compels a reasonable factfinder to reach a contrary result.' " *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). Onoufrienko's asylum claim was predicated upon her assertion that her activities with Ravenstvo, a group she formed to promote Jewish civil rights, subjected her to past persecution. She claims that as a result of these activities, she was detained repeatedly, suffered multiple miscarriages, lost her job, and her second husband was killed.

The IJ found that Onoufrienko's testimony regarding many of these central aspects of her asylum claim was markedly inconsistent. Onoufrienko claimed her second husband was killed due to anti-Semitic violence, yet testified to an asylum officer that he had died in a drowning accident. She stated she had been fired from her job in 1978 because her employer found out she had been arrested, but previously testified that her first arrest came in 1985. Onoufrienko initially claimed she had been detained twice, but over the course of her testimony, she steadily increased her number of detentions and arrests in response to questioning about her contradictory statements. And, most troubling to the IJ, on her asylum application, Onoufrienko claimed to have been arrested at some point between 1983 and 1985, as a

result of which she suffered a miscarriage of her "first baby ... and [her] last baby, too...." However, in front of the IJ, she testified that she did not consider her detention in 1983 an arrest and that her first arrest was in 1985, which was when her miscarriage occurred. When asked to reconcile this inconsistency, Onoufrienko then claimed not only to have been arrested in both 1983 and 1985, but to have miscarried *both* times as a result of the detention, even though in her application she stated she had only been pregnant once.

■ The IJ noted numerous material inconsistencies in Onoufrienko's testimony which go to the "heart of [her] asylum claim," *see Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000). Thus, the IJ's decision to discredit Onoufrienko's testimony because of these core inconsistencies was based upon substantial evidence. Although Onoufrienko claims her inconsistent testimony is merely that of someone who is confused, she bears the burden of providing credible testimony to demonstrate a well-founded fear of persecution. *See Prasad v. INS*, 47 F.3d 336, 338 (9th Cir.1995). The IJ's finding that her testimony was not credible was based upon substantial evidence. Therefore, the IJ properly concluded that Onoufrienko was not entitled to asylum on the basis of past persecution.

■ The IJ also properly denied Onoufrienko's claim of asylum under 8 C.F.R. § 208.13(b)(2)(iii). The IJ's finding that no "pattern and practice" of persecution exists for Russian Jews is supported by substantial evidence in the record. While the State Department report recites individual instances of persecution and violence against Jews, it indicates no widespread violence against Jews and an improvement in attitudes towards Jews since the fall of Communist Russia. Onoufrienko's expert

courts of this circuit except as provided by     Ninth Circuit Rule 36–3.

witness, who challenged the report, was found not credible by the IJ because, among other things, he failed to provide any evidence to substantiate his testimony that a government official publicly stated that the Russian government did not enforce laws that protect Jews and other minorities. Without credible evidence to contradict the State Department's report, the IJ properly concluded that Onoufrienko had failed to prove that a pattern and practice of persecution against Russian Jews exists.

Because Onoufrienko failed to establish a well-founded fear of persecution on account of religion or political opinion, she cannot meet the more stringent standard for withholding of deportation. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Astrero v. INS*, 104 F.3d 264, 265 (9th Cir.1996).

**PETITION DENIED.**