**Zheng Li FANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70796.

Agency No. A77–998–535.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided March 1, 2004.

Farah Loftus, Law Office of Farah Loftus, Los Angeles, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Arthur L. Rabin, Colette J. Winston, U.S. Department of Justice, Washington, DC, for Respondent.

Before BROWNING, THOMPSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Zheng Li Fang, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA's") final order adopting and affirming the Immigration Judge's ("IJ's") decision denying his applications for asylum, withholding of deportation, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

The IJ based his decision to deny Zheng's petition on an adverse credibility finding, which was adopted by the BIA in its opinion. We review this finding under the substantial evidence standard, and it must be upheld " 'unless the evidence presented compels a reasonable factfinder to reach a contrary result.' " De Leon–Barrios v. INS, 116 F.3d 391, 393 (9th Cir. 1997), quoting Lopez–Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). Zheng sought relief from China's one-child policy, under which he claims that his wife was forced to abort during her second pregnancy and he faces a threat of forced sterilization if removed to China. Zheng also claimed asylum based on his parents' practice of Falun Gong, a spiritual movement which was declared an illegal cult and banned by the Chinese government in 1999.

The IJ found that Zheng's testimony was rife with inconsistencies and implausible assertions, thus rendering his testimony not credible. Zheng claimed he had not seen his wife since September of 2001, although he knew where she was, remained in close proximity to her and was in communication with her family. He stated that the Chinese government wanted to forcibly sterilize him, yet when the authorities came to Zheng's parents' home, where he frequently lived, officials handcuffed only his elderly parents who practiced Falun Gong, leaving Zheng free to escape. Zheng provided inconsistent testimony regarding the course of events when the authorities arrested his parents for their practice of Falun Gong. He also gave conflicting accounts of how and when his parents took up Falun Gong, including a twelve-year discrepancy regarding the timing of the accident which prompted his father to get involved with Falun Gong.

Most significantly, Zheng chiefly based his claim on resistance to China's one-child policy. The IJ properly found that Zheng's testimony on this subject was rehearsed and contradicted by the current country conditions as documented in the 2001 Country Report on Human Rights Practices for China. He offered his testimony in a manner that the IJ found was "rote" and "completely rehearsed," a finding which is entitled to special deference. See Singh–Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir.1999). Furthermore, despite Zheng's assertions to the contrary, the State Department's Country Report indicated that the one-child policy was not enforced uniformly throughout China. In the rural area where Zheng, his wife and infant daughter lived, the average number of children per family was slightly over two. See U.S. Dep't of State, China Country Report on Human Rights Practices 17 (Mar.2002). Moreover, when a family's first born child is female, there is an express exception to the one-child policy,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

provided that the family asks for permission from the local family planning council. *Id.* at 17–18. Because the IJ may rely on the country report to discredit general assertions made by the applicant, *see Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir.2001), and Zheng's testimony about the one-child policy went to the "heart of his asylum claim," *Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000), the IJ's adverse credibility finding was supported by substantial evidence.

Because Zheng failed to establish a well-founded fear of persecution on account of political opinion, the IJ properly found that he could not meet the more stringent standard for withholding of deportation. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Astrero v. INS*, 104 F.3d 264, 265 (9th Cir.1996).

Finally, the IJ found that Zheng presented no evidence which established that it would be more likely than not that he would be tortured upon return to China. *See* 8 C.F.R. § 208.16(b)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001). Thus, substantial evidence supports the IJ's decision to deny Zheng CAT relief. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

**PETITION DENIED.**