Kesar SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70215.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2004.

Decided June 18, 2004.

Judith L. Wood, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: D.W. NELSON, GIBSON,* and GRABER, Circuit Judges.

MEMORANDUM **

Petitioner Kesar Singh, a native of India, petitions for review from an order of the Board of Immigration Appeals affirming, without opinion, the order of an immigration judge (IJ) denying his applications for asylum, withholding of deportation, and relief under the Convention Against Torture.

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We assume but need not decide that the IJ's adverse credibility finding was not supported by substantial evidence. The IJ found, in the alternative, that even if Petitioner were credible, he could relocate safely in the Gujarat province of India. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir.2003) (holding that asylum may be denied to an applicant who has otherwise demonstrated a well-founded fear of future persecution if the evidence shows that internal relocation is a reasonable option in all the circumstances); 8 C.F.R. § 208.13(b)(1)(i)(B).

The IJ's alternative finding is supported by substantial evidence in the record. For example, Petitioner in fact relocated to the Gujarat province, where he lived for four years without incident. He was not threatened or harmed after relocating. Although (accepting Petitioner's testimony as true) Punjabi police came to his house shortly before he left the country in 1999, they did not harm or threaten Petitioner in any way; he merely speculated vaguely about—but did not know—the reason for their single, uneventful visit. Additionally, the State Department Country Reports for 1996 through 2000 show that the situation of Sikhs, even in the Punjab province, had improved considerably. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002) (stating that such reports are relevant even in the face of a presumption of future persecution); *see also Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999 (9th Cir.2003) (finding a country report relevant to determining the reasonableness of internal relocation).

2. Because Petitioner failed to meet the eligibility standard for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

*Astrero v. INS,* 104 F.3d 264, 266 (9th Cir.1996).

3. Petitioner failed to establish that it is more likely than not that he would be tortured if removed to India. 8 C.F.R. § 208.16(c)(2).

PETITION DENIED.